```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

RADAMES MELENDEZ                )
    A.K.A. MODESTO SALDANA,     )
          Plaintiff,            )
                                )
     v.                         )  C.A. No. 03-12627-JLT
                                )
ESSEX COUNTY CORRECTIONAL       )
FACILITY; D. DIAZ; and          )
FRANK J. COUSINS, JR., SHERIFF,)
          Defendants.           )
```

## MEMORANDUM

For the reasons set forth below, plaintiff is advised that his complaint is subject to summary dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

## REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a

defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Because plaintiff is a prisoner, he is also subject to the provisions of Section 1915A of title 28.  Section 1915A authorizes the Court to review prisoner complaints in civil actions where a prisoner seeks redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action, regardless of whether plaintiff is seeking to proceed without prepayment of fees, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

## DISCUSSION

On December 19, 2004, plaintiff Radames Melendes, a.k.a. Modesto Salana, while an inmate at the Essex County Correctional Facility ("ECCF"), filed his complaint against the ECCF; the Essex County Sheriff and one correctional officer seeking equitable and monetary relief.  See Complaint ("Compl.").  He complains that on August 8, 2003, he was

transferred to the ECCF infirmary.  Id., ¶ 6.  At that time, correctional officer D. Diaz packed plaintiff's personal property and placed in storage awaiting plaintiff's release from the infirmary.  Id.  Plaintiff complains that despite the filing of grievances, his property has never been returned.  Id.  Plaintiff seeks the return of his property and "whatever monetary reward the court deems just and appropriate."  Id., ¶ 9.

To the extent that plaintiff is alleging that the failure to return his property constitutes a random and unauthorized deprivation of his property by a state official, he has no constitutional claim because such a deprivation, whether intentional or negligent, does not violate the Due Process Clause of the Fourteenth Amendment if adequate post-deprivation remedies exist.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); accord Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992).

Here, plaintiff has the right to pursue any number of statutory or common-law tort actions against defendants to recover any losses stemming from the destruction of his property, Parratt, 451 U.S. at 543 (adequate remedy existed

where State provided trot claims procedure to recover loss). The Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 1, et seq., permits a suit against a public employer for the loss of property caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his employment. See Mass. Gen. Laws. ch. 258, § 2. Where the alleged act is intentional, the public officer may be personally liable. See Morash & Sons, Inc. v. Commonwealth, 363 Mass. 612, 624 n. 7, 296 N.E.2d 461, 468 n. 7 (1973). Thus, plaintiff has adequate post-deprivation remedies which would bar his due process claim based on any "random and unauthorized" action by defendants. See Hudson, 468 U.S. at 533.

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A without further notice after forty-two (42) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>12th</u> day of <u>July</u>, 2004.


    <u>/s/ Joseph L. Tauro</u>
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE